The Chancellor.
By tlie pleadings in this case it appears, that Lydia the wife of the defendant, is the natural daughter of the late John Crawford, deceased; that she was so acknowledge by him,'and lived with him until the time of his death; that when she was quite young he conveyed to her a farm, consisting of about thirty-seven acres of land, which is now the subject matter of controversy; that on the thirty- *43 first of August, in the year eighteen hundred and thirty-three, Mr. Crawford, together with his said daughter Lydia, conveyed the premises in question to the complainant, for the sum of one thousand and seventy-five dollars, which was paid over to her, she then being under the age of sixteen years. The complainant had to resort to legal proceedings to get possession of the premises, which were then in possession of a tenant, and after expending thirty dollars or upward he obtained possession and went on to improve the premises to a considerable extent;. that in the spring of the year eighteen hundred and thirty-four, the complainant was informed that (by reason of the infancy of the grantor, Lydia,) his title was not good. He then obtained of Crawford a bond of indemnity, to secure him against any damages which he might sustain by reason of the defect of title. Soon after, Mr. Crawford died, and after his deatl the defendant, Warren Walling, intermarried with the said Lydia, and commenced an action of ejectment to recover the possession of this farm; and this bill was filed by the complainant, to enjoin the defendants from further prosecuting their ejectment, and to confirm the deed made by Crawford and Lydia his daughter, to the complainant.
The above stated facts are not controverted; and 1 am clearly of opinion, that upon this state of the case the inj unction should be dissolved and the deed declared void.
The strongest case in support of the deed is that of Inwood v. Twyne, Amb. 419, where the lord chancellor Hardwicke says, “ that guardians and trustees may change the nature of infants’ estates under particular circumstances, and the court would support their conduct if the court would do it under the same circumstances ; they cannot do it wantonly, but where if is manifestly for the convenience of the infant.”
Even under the principle established in this case, the deed should be set aside, for it was certainly not “manifestly for the convenience of the infant.”
But chancellor Kent, in the case of Genet v. Tallmadge, 1 John. Chan. R., 564, says, “That it is not the general policy of *44 •the law that any guardian should have it in his power, under any circumstances, to dissipate the real estate of his ward; the law never allows him any further control than over the rents and profits.”
And in the later case of Field v. Schieffelin, 7 John. Chan. R. 154, the same fehancellor says, “the guardian in socage of the real estate may lease it in his own name, and dispose of it during the guardianship, (and the chancery guardian has equal authority,) though he cannot convey it absolutely without the special authority of this court, because the nature of the trust does not require it.”
With this view of the case it is unnecessary to inquire into rights and duties growing out of the peculiar relation existing between Crawford and the present wife of the defendant; nor is it necessary to inquire under what circumstances a court of ■equity would direct the real estate of an infant to be converted into personal.
But as there is in this case no fraud alleged or pretended, it would be palpably unjust, and contrary to equity and the decisions of courts of equity, that the defendants should have the land and the price of it besides.
This deed must therefore be set aside upon fair and equitable terms, and in such manner as to restore the parties to their former property and rights as nearly as it can be done.
If this had been a very recent transaction, and the complainant had neither used nor improved the farm, justice would be done by restoring to him the consideration paid by him. But in this case the defendants have had the use of the money and the complainant has had the use of the farm and made improvements thereon, by reason of which, it becomes more difficult to apply the rule in such manner as to do justice to all parties.
Upon examining the testimony in the case, I find great contrariety and uncertainty as to the value of the improvements put upon the premises by the complainant, and also as to the annual value thereof; but it is very evident that the farm at *45 the time of the purchase by the complainant, was in a bad state of cultivation, and that by a judicious course of husbandry he has very much improved its condition; and although the testimony upon the subject is certainly not very conclusive and satisfactory, yet I conclude that by reason of the manner of cultivation, by putting on marl, making and repairing fences, &c.,. the place has been improved in value to an amount equal to the interest of the money paid for the farm; and I am therefore oi opinion that the defendants, upon receiving the possession of the farm, shouldrefund to the complainant the amount paid, with the interest thereon from the date of the deed. The claim of the complainant to be allowed for the rise in the value of the property cannot be allowed ; nor am I willing to sanction the principle that he shall be allowed for any permanent improvements which he may have made upon the premises, other than such improvement as arises from a prudent and judicious management of the farm, by repairing the fences and buildings and manuring the land; and if from the impoverished state of the land and dilapidated state of the fences and buildings, such course of management shall add to the actual value of the premises, without at the same time being of benefit to the tenant, it is but just and reasonable that he should be allowed for it; but his claim for permanent improvements, such as building houses, &c., is liable to the same objections which have ever induced courts of equity to disallow similar claims of mortgagees in possession of the mortgaged premises.
Let it be referred to a master to ascertain the amount paid, with interest. Further directions are reserved until the coming m of master’s report.
Order accordingly.